1

2

3

4

5

6            UNITED STATES DISTRICT COURT

7        FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9   ANSAR EL MUHAMMAD,                    Case No.  2:21-cv-01848-TLN-JDP (PC)

10              Plaintiff,                ORDER GRANTING PLAINTIFF'S
                                          APPLICATION TO PROCEED *IN FORMA*
11          v.                            *PAUPERIS*

12   CHAVEZ, *et al.*,                    ECF No. 2

13              Defendants.               SCREENING ORDER THAT PLAINTIFF:

14                                            (1) STAND BY HIS COMPLAINT
                                              SUBJECT TO DISMISSAL OF
15                                            CLAIMS AND PARTIES, OR

16                                            (2) FILE AN AMENDED
                                              COMPLAINT
17
                                          ECF No. 1
18
                                          THIRTY-DAY DEADLINE
19

20

21          Plaintiff, a state prisoner, raises numerous violations of his constitutional rights against

22   thirty-eight defendants.  ECF No. 1 at 4-5.  He cannot proceed with unrelated claims against

23   multiple defendants. I will give plaintiff an opportunity to amend his complaint.  I will also grant

24   his application to proceed *in forma pauperis*.  ECF No. 2.

25                       **Screening and Pleading Requirements**

26          A federal court must screen a prisoner's complaint that seeks relief against a governmental

27   entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

28   claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1  claim upon which relief may be granted, or seeks monetary relief from a defendant who is

2  immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3       A complaint must contain a short and plain statement that plaintiff is entitled to relief,

4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

6  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

7  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

8  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

9  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

10  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

11  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

12  n.2 (9th Cir. 2006) (en banc) (citations omitted).

13       The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

14  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

15  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

16  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

17  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

18  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

19  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20                                        **Analysis**

21       Plaintiff brings several unrelated claims.

22       First, he alleges that two correctional officers at Mule Creek State Prison ("MCSP"),

23  defendants Chavez and Gardner, failed to protect him from Covid-19 by refusing to social

24  distance or to wear masks.  ECF No. 1 at 7.  Plaintiff claims that these defendants ignored proper

25  Covid-19 precautions between November 2020 and the filing of this complaint.  *Id.*  He alleges

26  that he contracted the disease in January 2021 and attributes his infection, at least in part, to the

27  actions of these defendants.  *Id.*

28       Second, and more broadly, plaintiff claims that various supervisory defendants, including

1   Warden Covello, knew that "several" employees at MCSP were not following Covid-19

2   preventative procedures.  *Id.* at 8.  He claims that Covello and the other named supervisory

3   defendants knew by way of "updates" that procedures were not being followed, but he provides

4   no specifics.  Instead, he alleges numerous shortcomings in MCSP's Covid-19-related

5   preventative procedures, but never specifically identifies how each of the named defendants knew

6   about those failings.  More than once, he lists various names and, without any attempt to parse

7   individual actions or responsibility, declares each responsible for the institution's failure to

8   manage the disease.  *See, e.g.*, ECF No. 1 at 11 (listing numerous defendants and referring to a

9   "an untold vast number" of unnamed defendants, all of whom enabled a lax isolation policy at

10  MCSP).  Absent any contextual allegations, these claims amount to little more than the sort of

11  "defendant-unlawfully-harmed-me accusation[s]" that the Supreme Court has held to be

12  insufficient under Rule 8.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

13          Third, plaintiff alleges that unnamed defendants failed to care for him properly once he

14  contracted the disease.  ECF No. 1 at 13.  He claims that they did not take his symptoms seriously

15  and simply told him to stay hydrated.  *Id.*

16          Fourth, plaintiff alleges that defendants violated his rights by exposing him to "an

17  unknown magnitude" of "industrial and domestic" sewage.  *Id.* at 16.  Responsibility for these

18  allegations is difficult to parse trace, since plaintiff names not only correctional officials but also

19  state and local agencies as defendants.  *Id.*

20          Multiple, unrelated claims against more than one defendant belong in separate lawsuits.

21  *See* Fed. R. Civ. P. 18(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple

22  claims against a single party are fine, but Claim A against Defendant 1 should not be joined with

23  unrelated Claim B against Defendant 2.").  I will give plaintiff leave to amend and submit a

24  complaint that contains only related claims.  If he fails to winnow his claims, I may add or drop

25  parties as required so that this suit may proceed.

26          If plaintiff decides to file an amended complaint, the amended complaint will supersede

27  the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en

28  banc).  This means that the amended complaint will need to be complete on its face without

reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2.  Within thirty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes to stand by his current complaint.  If he selects the latter option, I will recommend that parties and claims be dismissed so that this action can proceed on only related claims.

3.  Failure to comply with this order may result in the dismissal of this action.

4.  The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.


Dated:    May 10, 2022                                      _____
                                                           JEREMY D. PETERSON
                                                           UNITED STATES MAGISTRATE JUDGE

4